STATE OF NORTH CAROLINA v. EARL KIRKMAN.

(Filed 29 November, 1967.)

**Escape § 1—**

> An indictment charging that the defendant unlawfully, wilfully, and feloniously harbored an escapee who was serving a sentence of imprisonment when he escaped, is fatally defective in omitting the words "knowing or having reasonable cause to believe that said person was an escapee", G.S. 14-259, and defendant's motion in arrest of judgment is allowed.

APPEAL by defendant from *Armstrong, J.,* May 29, 1967 Session, GUILFORD Superior Court, Greensboro Division.

The Grand Jury returned a bill of indictment which charged that Earl G. Kirkman, on January 20, 1967, "with force and arms, at and in the County aforesaid, did unlawfully, wilfully, and feloniously harbor an escapee, namely Tommy McBride, who, while serving a sentence for storebreaking and larceny, a felony, imposed at the August 3, 1965 term of Superior Court of Forsyth County, escaped on or about the 3rd day of January, 1967, from the Forsyth Prison Unit, Forsyth County, North Carolina, in that he, the said Earl G. Kirkman did harbor, offer aid and comfort to the said Tommy Mc-

Bride . . . in violation of the General Statutes, etc." The defendant entered a plea of not guilty. The jury returned a verdict of guilty. From a sentence of imprisonment for not less than 4 years nor more than 5 years, the defendant appealed.

*T. W. Bruton, Attorney General; Ralph A. White, Jr., Staff Attorney, for the State.*

*Alston, Aelxander, Pell & Pell by E. L. Alston, Jr. and James E. Pell for defendant appellant.*

PER CURIAM. The defendant entered a plea in abatement before this Court upon the ground the indictment fails to charge a criminal offense. The statute under which the indictment was drawn provides: "It shall be unlawful for any person knowing or having reasonable cause to believe, that any other person has escaped from any prison, jail, reformatory, or from the criminal insane department of any State hospital, or from the custody of any police officer who had such person in charge, or that such person is a convict or prisoner whose parole has been revoked, to conceal, hide, harbor, feed, clothe, or offer aid and comfort in any manner to any such person." The defect in the indictment is the failure to charge the defendant with "knowing or having reasonable cause to believe that Tommy McBride was an escapee" from one of the institutions mentioned in the statute. The Attorney General concedes (and we agree) the indictment is fatally defective. The defect appears on the face of the record. The motion in arrest of judgment is allowed. The Solicitor, if so advised, may send another bill.

Judgment arrested.